IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

v.                                                                                      22-CR-0013 JLS

LAMBORGHINI LUCAS,

         Defendant.

---

**PLEA AGREEMENT**

*FILED MAR 03 2022 — MARY C. LOEWENGUTH, CLERK, WESTERN DISTRICT OF NY*

The defendant, **LAMBORGHINI LUCAS**, and the United States Attorney for the Western District of New York (hereinafter "the government") hereby enter into a plea agreement with the terms and conditions as set out below.

### I.    THE PLEA AND POSSIBLE SENTENCE

1.    The defendant agrees to waive indictment and to plead guilty to a one-count Information which charges a violation of Title 18, United States Code, Section 922(a)(1)(A) (manufacturing firearms without a license) for which the maximum possible sentence is a term of imprisonment of 5 years, a fine of $250,000, a mandatory $100 special assessment, and a term of supervised release of at least 1 year and up to 3 years. The defendant understands that the penalties set forth in this paragraph are the minimum and maximum penalties that can be imposed by the Court at sentencing.

2.  The defendant understands that, if it is determined that the defendant has violated any of the terms or conditions of supervised release, the defendant may be required to serve in prison all or part of the term of supervised release, up to 2 years, without credit for time previously served on supervised release. As a consequence, in the event the defendant is sentenced to the maximum term of incarceration, a prison term imposed for a violation of supervised release may result in the defendant serving a sentence of imprisonment longer than the statutory maximum set forth in ¶ 1 of this agreement.

## II.   ELEMENTS AND FACTUAL BASIS

3.  The defendant understands the nature of the offense set forth in ¶ 1 of this agreement and understands that if this case proceeded to trial, the government would be required to prove beyond a reasonable doubt the following elements of the crime:

   a.  That the defendant was not licensed to manufacture firearms; and,

   b.  That the defendant willfully engaged in the business of manufacturing firearms.

## FACTUAL BASIS

4.  The defendant and the government agree to the following facts, which form the basis for the entry of the plea of guilty, including relevant conduct:

   a.  On August 6, 2021, law enforcement executed a New York State search warrant at the residence of the defendant, **LAMBORGHINI LUCAS**, located at 495 Woodlawn Avenue, Upper Apt., Buffalo, New York. Law enforcement made entry securing the residence and did not encounter anyone inside the apartment. After the location was secure, law enforcement performed a search of the location.

b. During the search warrant, law enforcement located a Polymer 80 PF940SC 9mm privately manufactured firearm ("PMF"), or "ghost gun," loaded with nine rounds of 9mm ammunition under the mattress of the front bedroom. Law enforcement recovered, directly next to this firearm, mail addressed to **LUCAS**. Within a laundry basket full of clothing, officers recovered three Polymer 80 PF940SC 9mm PMFs. **LUCAS** admits that he manufactured all of the aforementioned PMFs.

c. Law enforcement also recovered, from the residence's living room area, a United States Postal Box sent from "JSD Supply". JSD Supply sells "JSD 80% Lower Receivers, Jigs, and Gun Parts Kits . . . 80% lower build kits are used to create fully functional firearms with no registration or serial numbers[.]" Within this box, law enforcement recovered a receipt addressed to Mike Tate, 495 Woodlawn, "User" mrlambolights@gmail.com. The receipt displays the purchase of multiple items, including three "PF940SC Full build kit-Minus Frame[s]", two "Polymer 80 PF940SC Black[s]", and one "Polymer 80 PF940SC Gray," for a total cost of $1,259.94.

d. Throughout the living area and kitchen, law enforcement located three Polymer 80 boxes, three Polymer 80 jigs, rotary bits, and a power drill. The defendant admits that he used each of these items to manufacture Polymer 80-style PMFs.

e. The Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") has reviewed the Federal Firearms Licensee ("FFL") and Firearms Manufacturers databases. The ATF confirmed that the defendant does not hold, and has never held, a FFL or a license to manufacture or deal in firearms.

f. The defendant admits that he willfully engaged in the business of manufacturing firearms without a license authorizing him to manufacture firearms.

g. The defendant admits and agrees that at least three firearms but less than seven firearms is the number of firearms involved in the defendant's relevant conduct encompassed in the Information which could be readily proven by the government at trial or at a sentencing hearing.

### III.  SENTENCING GUIDELINES

5.  The defendant understands that the Court must consider but is not bound by the Sentencing Guidelines (Sentencing Reform Act of 1984).

### BASE OFFENSE LEVEL

6.  The government and the defendant agree that Guidelines § 2K2.1(a)(7) applies to the offense of conviction and provides for a base offense level of **12**.

### SPECIFIC OFFENSE CHARACTERISTICS
### U.S.S.G. CHAPTER 2 ADJUSTMENTS

7.  The government and the defendant agree that the following specific offense characteristics do apply:

   a.  The two-level increase pursuant to Guidelines § 2K2.1(b)(1)(A) (3-7 firearms); and,

   b.  the four-level increase pursuant to Guidelines § 2K2.1(b)(5) (trafficking of firearms).

### ADJUSTED OFFENSE LEVEL

8.  Based on the foregoing, it is the understanding of the government and the defendant that the adjusted offense level for the offenses of conviction is **18**.

### ACCEPTANCE OF RESPONSIBILITY

9.  At sentencing, the government agrees not to oppose the recommendation that the Court apply the two-level downward adjustment of Guidelines § 3E1.1(a) (acceptance of responsibility), and further agrees to move the Court to apply the additional one-level

4

downward adjustment of Guidelines § 3E1.1(b), which would result in a total offense level of **15**.

## CRIMINAL HISTORY CATEGORY

10. It is the understanding of the government and the defendant that the defendant's criminal history category is **I**. The defendant understands that if the defendant is sentenced for, or convicted of, any other charges prior to sentencing in this action the defendant's criminal history category may increase. The defendant understands that the defendant has no right to withdraw the plea of guilty based on the Court's determination of the defendant's criminal history category.

## GUIDELINES' APPLICATION, CALCULATIONS AND IMPACT

11. It is the understanding of the government and the defendant that, with a total offense level of **15** and criminal history category of **I**, the defendant's sentencing range would be a term of imprisonment of **18** to **24** months, a fine of **$7,500** to **$75,000**, and a period of supervised release of **1** to **3** years. Notwithstanding this, the defendant understands that at sentencing the defendant is subject to the minimum and maximum penalties set forth in ¶ 1 of this agreement.

12. The government and the defendant agree to the correctness of the calculation of the Sentencing Guidelines range set forth above. The government and the defendant, however, reserve the right to recommend a sentence outside the Sentencing Guidelines range. This paragraph reserves the right to the government and the defendant to bring to the attention

of the Court all information deemed relevant to a determination of the proper sentence in this action.

13.     The defendant understands that the Court is not bound to accept any Sentencing Guidelines calculations set forth in this agreement and the defendant will not be entitled to withdraw the plea of guilty based on the sentence imposed by the Court.

14.     In the event that the Court contemplates any Guidelines adjustments, departures, or calculations different from those agreed to by the parties above, the parties reserve the right to answer any inquiries by the Court concerning the same.

## IV.     STATUTE OF LIMITATIONS

15.     In the event the defendant's plea of guilty is withdrawn, or conviction vacated, either pre- or post-sentence, by way of appeal, motion, post-conviction proceeding, collateral attack or otherwise, the defendant agrees that any charges dismissed pursuant to this agreement shall be automatically reinstated upon motion of the government and further agrees not to assert the statute of limitations as a defense to any federal criminal offense, which is not time barred as of the date of this agreement. This waiver shall be effective for a period of six months following the date upon which the withdrawal of the guilty plea or vacating of the conviction becomes final.

## V. REMOVAL

16. The defendant represents that he is a citizen of the United States. However, if the defendant is not a citizen of the United States, the defendant understands that, if convicted, the defendant may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

## VI. GOVERNMENT RIGHTS AND OBLIGATIONS

17. The defendant understands that the government has reserved the right to:

a. provide to the Probation Office and the Court all the information and evidence in its possession that the government deems relevant concerning the defendant's background, character and involvement in the offense charged, the circumstances surrounding the charge and the defendant's criminal history;

b. respond at sentencing to any statements made by the defendant or on the defendant's behalf that are inconsistent with the information and evidence available to the government;

c. advocate for a specific sentence consistent with the terms of this agreement;

d. modify its position with respect to any sentencing recommendation or sentencing factor under the Guidelines including criminal history category, in the event that subsequent to this agreement the government receives previously unknown information, including conduct and statements by the defendant subsequent to this agreement, regarding the recommendation or factor; and,

e. oppose any application for a downward departure and/or sentence outside the Guidelines range made by the defendant.

18. At sentencing, the government will move to dismiss the Criminal Complaint pending under Magistrate's Number 21-mj-5165-MJR.

7

19. The defendant agrees that any financial records and information provided by the defendant to the Probation Office, before or after sentencing, may be disclosed to the United States Attorney's Office for use in the collection of any unpaid financial obligation.

## VII. APPEAL RIGHTS

20. The defendant understands that Title 18, United States Code, Section 3742 affords a defendant a limited right to appeal the sentence imposed. The defendant, however, knowingly waives the right to appeal and collaterally attack any component of a sentence imposed by the Court which falls within or is less than the sentencing range for imprisonment, a fine and supervised release set forth in Section III, ¶ 11, above, notwithstanding the manner in which the Court determines the sentence. In the event of an appeal of the defendant's sentence by the government, the defendant reserves its right to argue the correctness of the defendant's sentence.

21. The defendant understands that by agreeing to not collaterally attack the sentence, the defendant is waiving the right to challenge the sentence in the event that in the future the defendant becomes aware of previously unknown facts or a change in the law which the defendant believes would justify a decrease in the defendant's sentence.

22. The government waives its right to appeal any component of a sentence imposed by the Court which falls within or is greater than the sentencing range for imprisonment, a fine, and supervised release set forth in Section III, ¶ 11, above, notwithstanding the manner in which the Court determines the sentence. However, in the

event of an appeal from the defendant's sentence by the defendant, the government reserves its right to argue the correctness of the defendant's sentence.

## VIII.   FORFEITURE PROVISIONS

23.   The defendant acknowledges that the defendant is the owner and/or exercised dominion and control of the firearms and ammunition described below and agrees that the firearms and ammunition constitute a nuisance as provided for in New York Penal Law § 400.05.   The property is described as follows:

   a.   Four (4) Polymer 80 9mm caliber handguns, Model PF940SC;

   b.   One (1) Polymer 80 firearm frame; and,

   c.   One (1) magazine and nine (9) rounds of 9mm caliber ammunition.

24.   The defendant agrees that the above-described property is subject to forfeiture and waives any and all statutory and constitutional rights, including, but not limited to, time restrictions and notice provisions with respect to the final disposition or forfeiture of the above property. The defendant further agrees to the destruction of the property described above.

25.   The defendant agrees that in the event this plea agreement is voided for any reason, the agreement for forfeiture, abandonment, and disposition of the property described above survives and shall be given full force and effect.

## VIII. TOTAL AGREEMENT AND AFFIRMATIONS

26. This plea agreement represents the total agreement between the defendant, **LAMBORGHINI LUCAS**, and the government. There are no promises made by anyone other than those contained in this agreement. This agreement supersedes any other prior agreements, written or oral, entered into between the government and the defendant.

TRINI E. ROSS
United States Attorney
Western District of New York

BY: _____
SETH T. MOLISANI
Assistant United States Attorney

Dated:   March 3, 2022

I have read this agreement, which consists of pages 1 through 10. I have had a full opportunity to discuss this agreement with my attorney, Michael L. D'Amico, Esq. I agree that it represents the total agreement reached between me and the government. No promises or representations have been made to me other than what is contained in this agreement. I understand all of the consequences of my plea of guilty. I fully agree with the contents of this agreement. I am signing this agreement voluntarily and of my own free will.

_____
LAMBORGHINI LUCAS
Defendant

Dated: March 3, 2022

_____
MICHAEL L. D'AMICO
Attorney for the Defendant

Dated: March 3, 2022

10